## ABBOTT J. FULLER

### *vs.*

### ISAAC B. GAGE et als., and TRUSTEE.

Knox.     Opinion December 14, 1914.

*Allegations.   Declaration.   Demurrer.   Exceptions.   Time.   Traversable Fact.*

No rule has been better established in this State than that requiring in declarations that the time of every traversable fact shall be named. The pleader must name some certain day, whether correctly named or not. Declarations omitting this certainty of allegation have been repeatedly held to be bad on demurrer. This rule of pleading was violated in the case at bar.

On exceptions by defendant. Exceptions sustained.

This is an action on the case against William B. Lindsey, Isaac B. Gage and C. H. Robbins, for conspiring to injure the plaintiff in his

good name and in his professional capacity as physician and surgeon. The writ was entered at the January term, 1914, of Supreme Judicial Court for Knox County, and at said term the defendants filed a special demurrer to said declaration. The presiding Justice overruled the demurrer and the defendants filed exceptions to the overruling of said demurrer.

The case is stated in the opinion.

*Charles T. Smalley, and Hinckley & Hinckley,* for plaintiff.

*A. S. Littlefield,* for defendants.

*Allan L. Bird,* for trustee.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

PHILBROOK, J. Exceptions to the overruling of defendant's demurrer. Upon a single ground the defendant is entitled to prevail, and it therefore becomes unnecessary to consider the others. The allegations in the plaintiff's writ as to the time of the acts complained of are, "that on or about the first day of September, 1912, and on divers other days and times from the said 1st day of September, 1912, to the day of the date of this writ;" also, "on about September 11, 1912, and at divers other times from the said 11th day of September, 1912, to the date of this writ;" also, "during a long period of time, to wit, from said first day of September, 1912, to the day of the date of this writ;" also "on or about the eighth day of June, 1913;" also "on divers times and at divers places since the first day of September, 1912, to the day of the making of this writ," the defendants had done certain things and said certain things to the harm of the plaintiff.

"No rule has been better established in this State than that requiring in declarations that the time of every traversable fact shall be named. The pleader must name some certain day, whether correctly named or not. . . . . Declarations omitting this certainty of allegations have been repeatedly held in this State to be had on demurrer." *Shorey* v. *Chandler,* 80 Maine, 409.

*Exceptions sustained.*